IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CT-3288-FL

| HAMZA TEBIB, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ALLISON CAPPS, ADA BROWN, CHIEF | ) | |
| JAMES CHAMPION, SGT. LOMINA | ) | |
| BRANDON, SHERIFF ROBERT D. | ) | |
| FOUNTAIN, SHERIFF CLEMENT, | ) | |
| CHIEF FRED ROBINSON, CAPTAIN | ) | |
| YANCEE, EASTERN HEALTH | ) | |
| PARTNERS, and SOUTHERN HEALTH | ) | |
| PARTNERS, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a state pretrial detainee proceeding pro se, commenced this action by filing complaint on October 11, 2023, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. The matter is before the court for initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and on plaintiff's motions to amend the complaint (DE 8, 12, 13, 14), and for declaratory judgment, preliminary injunction, and temporary restraining order (DE 15).

**COURT'S DISCUSSION**

A.  Motions for Injunctive and Declaratory Relief

The court begins with plaintiff's motion for declaratory judgment, preliminary injunction, and temporary restraining order. Plaintiff seeks broad array of injunctive and declaratory relief related to his state divorce proceedings, attempts to have his ex-wife charged with embezzlement and other criminal offenses, and determinations by various state law enforcement officials and

prosecutors that they would not pursue such charges. In addition, plaintiff alleges detention officers interfered with his access to the courts by placing him disciplinary segregation, refusing to allow conferences with his attorney, and interfering with his mail.

In order to obtain preliminary injunctive relief, plaintiff must establish: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Having reviewed and fully considered plaintiff's motion, the court concludes he has not made the requisite showing. Plaintiff's primary claims related to his divorce proceedings and efforts to have his ex-wife charged with criminal offenses are not cognizable claims in this § 1983 action for the reasons discussed further below, and he therefore cannot show likelihood of success on the merits as to these claims. Plaintiff's conclusory assertions regarding disciplinary segregation, interference with his mail, and access to his attorneys also fail to establish likelihood of success on the merits. See id. at 22 (requiring "clear showing" of the four factors). And plaintiff fails to even address the remaining factors. For the same reasons, plaintiff has not established that extraordinary circumstances exist as required for mandatory injunctive relief. See Taylor v. Freeman, 34 F.3d 266, 268 (4th Cir. 1994) ("It is well established that absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons."). Accordingly, plaintiff's motion for preliminary injunctive relief or temporary restraining order must be denied.

Turning to the motion for declaratory judgment, plaintiff cannot seek this relief "simply to proclaim liability for a past act." Ruhbayan v. Smith, No. 27-7419, 2022 WL 2764422, at *1 (4th Cir. July 15, 2022); see also Just. Network Inc. v. Craighead Cnty., 931 F.3d 753, 763 (8th Cir.

2019). Instead, "a declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct." Just. Network, 931 F.3d at 763; Ruhbayan, 2022 WL 2764422, at *1. Plaintiff's requests for declaratory relief are retrospective where he seeks declaration that his ex-wife committed various criminal offense in the past, and the alleged criminal acts are not ongoing. (See DE 15 at 1, 6). Moreover, declaratory relief is inappropriate in this context where, for the reasons explained below, plaintiff does not have standing to bring criminal charges against his ex-wife. See White v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 913 F.2d 165, 167–68 (4th Cir. 1990) (explaining district court must ensure the parties satisfy constitutional "case or controversy" standard and prudential requirements such as whether declaratory relief will "serve a useful purpose" before issuing declaratory judgment). The motion for declaratory judgment therefore is denied.

B.  Motions to Amend

Plaintiff also has filed four amended the complaints, which the court has docketed as individual motions to amend the complaint. The motions to amend are granted as a matter of course. See Fed. R. Civ. P. 15(a)(1). Accordingly, the court will consider plaintiff's claims in the original complaint and the four amended complaints (DE 8, 12, 13, 14) when conducting the initial review below.

C.  Initial Review

Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, fail to state a claim on which relief may be granted, or if they seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). To state a claim on which

3

relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In addition, when a party is proceeding pro se, the pleadings should be "liberally construed" and they are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Erickson, however, does not undermine the "requirement that a pleading contain more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quotation omitted).

As a threshold issue, plaintiff names two corporate entities as plaintiffs in the caption of some of his amended complaints. (See, e.g., DE 13 at 1). These plaintiffs must be dismissed where corporate entities cannot proceed pro se in this court, and plaintiff, as a non-attorney, cannot represent the entities. See Rowland v. Cal. Men's Colony, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding pro se party cannot represent the rights of others in federal court). Accordingly, the corporate entities OHCGrill, LLC and Owl House Café, LLC, are dismissed.

Turning to the claims asserted by plaintiff individually, his primary allegation is that defendants Allison Capps ("Capps") and ADA Brown ("Brown"), prosecutors with the Granville County District Attorney's Office, together with other law enforcement officials, refused to prosecute his ex-wife after plaintiff provided evidence purporting to show that she embezzled corporate earnings and committed other crimes. These allegations do not state a claim where "a

4

private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see also Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution."). In addition, plaintiff fails to allege facts supporting any other legal claims against defendants Capps or Brown, or other defendants, related to the investigation of his ex-wife. Accordingly, any claims premised on defendants refusing to investigate or prosecute plaintiff's ex-wife are without merit.

Plaintiff also appears to allege that defendants violated his right of access to the courts by placing him in disciplinary segregation, refusing to allow visitation with his attorney, and interfering with his mail. As a threshold issue, plaintiff does not offer sufficient factual allegations explaining how the individual defendants interfered with his access to the courts, as required to state a claim under § 1983. See Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

More fundamentally, plaintiff fails to allege a claim for denial of access to the courts. State pretrial detainees must be allowed "adequate, effective, and meaningful" access to the courts. Bounds v. Smith, 430 U.S. 817, 822 (1977). However, they do not have an "abstract, freestanding [constitutional] right to a law library or legal assistance." Lewis v. Casey, 518 U.S. 343, 351 (1996). In order to establish a claim for denial of access to the courts, a plaintiff must allege that he suffered "actual injury." See id. at 351–52; Michau v. Charleston Cty., 434 F.3d 725, 728 (4th Cir. 2006). The actual injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Lewis, 518 U.S. at 353. The

5

complaint must describe both the underlying cause of action that was or is being impeded and its lost remedy, and provide specific factual allegations showing that the claim is not frivolous. Christopher v. Harbury, 536 U.S. 403, 414–16 (2002).

In addition, access to the court claims are limited to criminal proceedings against the plaintiff, habeas corpus actions, and civil rights claims challenging prison conditions. See Lewis, 518 U.S. at 354–55. This is because:

> Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Id. at 355. Finally, the state's provision of counsel in a criminal proceeding generally satisfies any constitutional requirement for access to the courts. United States v. Chatman, 584 F.2d 1358, 1360 (4th Cir. 1978); see also Scott v. Heath, No. 88-6031, 1989 WL 134596, at *1 (4th Cir. Oct. 27, 1989).

Here, the right of access to the courts does not extend to plaintiff's divorce proceedings, his state civil claims against his ex-wife, or any foreclosure proceedings. See Lewis, 518 U.S. at 354–55. Thus, any claims alleging defendants interfered with plaintiff's ability to prosecute these claims are dismissed. To the extent plaintiff is asserting impediments to litigating his underlying criminal cases, he fails to allege the actual injury component of the claim under the standard set forth above.

Moreover, as noted above, the fact that plaintiff has counsel for some of his underlying criminal proceedings generally precludes a claim for denial of access to the courts with respect to

6

the criminal proceeding itself. Chatman, 584 F.2d at 1360. The court, however, does not foreclose the possibility that plaintiff could allege a denial of access to the courts claim premised on interference with his ability to meet with his criminal defense attorney. If plaintiff believes he can assert such a claim – related only to his underlying criminal proceedings, and not any state civil cases – then he may do so in his amended complaint as discussed further below.

Next, plaintiff alleges that the presiding state judges and other court officials increased his bail and refused to process his legal filings in his underlying criminal proceedings. These claims also must be dismissed. First, plaintiff did not name any judicial officers as defendants in the complaint. Second, even if plaintiff had named the state judges, they would be entitled to judicial immunity. See Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985). Finally, absent extraordinary circumstances not alleged here, the court cannot order injunctive relief interfering with plaintiff's pending criminal prosecutions. See Younger v. Harris, 401 U.S. 37, 44 (1971); Suggs v. Brannon, 804 F.2d 274, 278 (4th Cir. 1986) (holding Younger abstention is appropriate for claim asserting excessive bail).

Plaintiff also asserts various claims related to his conditions of confinement, including violation of his due process rights during disciplinary proceedings, interference with his mail,[1] denial of adequate medical care, denial of visitation privileges, and related issues. (See Am. Compl. (DE 13) at 10). There are numerous problems with these claims. First, plaintiff has filed five separate complaints, with nearly 600 pages of exhibits attached thereto. But the majority of these filings address plaintiff's meritless claim that defendants violated his rights by not pursuing criminal charges against his ex-wife. The federal rules require a "short and plain statement of the

---

[1] It is not clear that the mail interference claims are distinct from the access to the courts claims discussed above. Plaintiff may clarify this issue in his amended complaint.

7

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Disentangling the conditions of confinement claims from the remaining claims that must be dismissed is an overly complicated task in this context. Plaintiff therefore must file one amended complaint particularizing any claims he wishes to pursue related to mistreatment in the detention center.

Second, in most instances, plaintiff does not identify the individual defendants who allegedly violated his rights, or provide sufficient factual support for the detention center mistreatment claims. As noted above, under § 1983 plaintiff must allege facts showing that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676.

For example, plaintiff alleges that sergeant Wilson and an unidentified "chief" failed to provide a disciplinary hearing following his placement in segregation, but sergeant Wilson is not a named defendant in the complaint. (Am. Compl. (DE 13) at 10–11). Plaintiff also alleges that an unidentified nurse with Southern Health Partners failed to provide appropriate medical care, but he does not name the nurse as a defendant. (Id. at 14–16). Moreover, although Southern Health Partners is a defendant, the amended complaint does not allege sufficient facts to state a claim for denial of medical treatment against the entity itself. See Austin v. Paramount Parks, Inc., 195 F.3d 715, 727–28 (4th Cir. 1999) ("[A] private corporation is not liable under § 1983 for torts committed by [its employees] when such liability is predicated solely upon a theory of respondeat superior."). Thus, for all the claims alleging mistreatment at the detention center, plaintiff must specifically identify the individual defendants responsible for any alleged violations, and briefly describe how these individuals violated his rights.

Finally, Federal Rule of Civil Procedure 20 does not allow multiple defendants to be joined in a single suit unless the plaintiff shows "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "The 'transaction or occurrence test' of the rule . . . 'permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding.'" Saval v. BL Ltd., 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974)). And where the plaintiff is incarcerated, "[u]nrelated claims against different defendants belong in different suits [under Rule 20 and] to ensure that prisoners pay the required filing fees [pursuant to 28 U.S.C. § 1915(b)]." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Here, it is not clear from plaintiff's conclusory claims that joinder of the named defendants is appropriate under Rule 20. For example, the claims challenging visitation appear unrelated to claims challenging medical care. If plaintiff elects to file amended complaint, he should only assert multiple claims against different defendants if they are reasonably related and otherwise satisfy Rule 20. See Saval, 710 F.2d at 1031; George, 507 F.3d at 607. Unrelated claims that do not satisfy this standard must be brought in separate suits.

As to the detention center mistreatment claims, the court will allow plaintiff to file one amended complaint particularizing his claims. The amended complaint must be filed on the court's prescribed form for prisoner civil rights complaints,[2] and plaintiff shall not assert claims that are unrelated to the detention center mistreatment allegations in the instant complaint. In particular,

---

[2] Although brevity is appreciated, plaintiff may attach additional pages to the form to the extent necessary.

the amended complaint must not assert any claims related to prosecutors or law enforcement failing to investigate or prosecute plaintiff's ex-wife. Finally, the amended complaint will be considered the complaint in its entirety and the court will not review plaintiff's prior filings to identify any misplaced claims. Failure to comply with the instructions set forth herein may result in dismissal of this action. See Fed. R. Civ. P. 41(b) (addressing court's authority to dismiss an action for failure to prosecute or comply with the court's prior orders).

## CONCLUSION

Based on the foregoing, plaintiff is DIRECTED to file one amended complaint particularizing his detention center mistreatment claims. The amended complaint shall be filed within **21 days** of entry of this order, and plaintiff must carefully follow the instructions set forth above for the amended complaint. The clerk is DIRECTED to send plaintiff the prisoner civil rights package. In the event plaintiff fails to respond to this order, the clerk shall, without further order of the court, terminate all pending motions as moot and enter judgment dismissing this action without prejudice for failure to prosecute and failure to respond to this order. Finally, plaintiff's claims related to defendants' alleged failure to investigate or purse criminal charges against his ex-wife are DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's motions to amend the complaint (DE 8, 12, 13, 14) are GRANTED but the claims asserted therein are dismissed on the terms set forth in this order. Plaintiff's motion for declaratory judgment, preliminary injunction, and temporary restraining order (DE 15) is DENIED.

SO ORDERED, this the 29th day of April, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge